NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 06a0094n.06
Filed: February 7, 2006

No. 05-6120

**UNITED STATES COURT OF APPEALS**
FOR THE SIXTH CIRCUIT

UNITED STATES OF AMERICA,

    Plaintiff-Appellee,

v.

CARLOS RAUL CORTEZ,

    Defendant-Appellant.

ON APPEAL FROM THE
UNITED STATES DISTRICT
COURT FOR THE
WESTERN DISTRICT OF
TENNESSEE

_____/

BEFORE:    MARTIN, MOORE, Circuit Judges; and BUNNING, District Judge.[*]

    BOYCE F. MARTIN, JR., Circuit Judge. On April 18, 2003, Carlos Raul Cortez pled guilty

to one count of illegal reentry after deportation in violation of 8 U.S.C. § 1326. The district court

sentenced him, pursuant to the then-mandatory sentencing guidelines, to forty-six months

imprisonment. Cortez appealed his sentence to this Court. Prior to our decision on his appeal, the

Supreme Court issued its opinion in *United States v. Booker*, 543 U.S. 220 (2005). Based on *Booker*,

we remanded the case to the district court for resentencing.

    A resentencing hearing was held by the district court on June 30, 2005. At the hearing

_____

    [*] The Honorable David L. Bunning, United States District Judge for the Eastern District
of Kentucky, sitting by designation.

defense counsel argued that based on the evidence in the record, Cortez was entitled to a lower sentence than what he had originally been given under the then-mandatory guidelines. The district court disagreed with defense arguments, concluding that the guideline sentence that Cortez originally received was the appropriate sentence based on the district court's mandate under 18 U.S.C. § 3553(a) . Thus, the district court resentenced Cortez to forty-six months imprisonment. Cortez then appealed this decision, claiming that the district court's resentencing of him was unreasonable.

*Booker* indicates that "[t]he district courts, while not bound to apply the Guidelines, must consult those Guidelines and take them into account when sentencing" and "[t]he courts of appeals review sentencing decisions for unreasonableness." 125 S.Ct. at 767. The reasonableness of a sentence, according to the Court, should be determined by consulting the factors listed in 18 U.S.C. § 3553(a). *Id.* Those factors, in addition to the appropriate advisory guideline range calculation, include the nature and circumstances of the offense and the history and characteristics of the defendant, as well as the need for the sentence to reflect the seriousness of the offense, promote respect for the law, provide just punishment, afford adequate deterrence, protect the public, and provide the defendant with needed training and medical care. See 18 U.S.C. § 3553(a).

We are convinced that the district court's sentence in the present case is reasonable. The district court properly consulted the Guidelines and explained its reasons for doing so, and imposed a sentence within the applicable Guidelines range. Additionally, the district court expressly considered the defendant's arguments regarding the need for a reduced sentence based on other section 3553(a) factors, and it simply concluded that these considerations were insufficient to warrant a lower sentence. After reviewing the record, we find nothing unreasonable about this conclusion. Accordingly, we AFFIRM Cortez's sentence as reasonable.